IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DESMOND LAMAR AIKENS, #316807, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE STATE OF ALABAMA and JESSICA VENTIERE, | ) ) ) ) |
| Defendants. | ) |

CASE NO. 3:23-cv-547-MHT-JTA

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Desmond Lamar Aikens filed this *pro se* 42 U.S.C. § 1983 action. (Doc. No. 1.) Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

### I.     PLAINTIFF'S ALLEGATIONS

Plaintiff brings this suit against the State of Alabama and Lee County District Attorney Jessica Ventiere. (Doc. No. 1 at 1, 2.) He states the following factual allegations:

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

> The Defendants violated my constitutional rights by Double Jepordy [sic]. Claims were filed in the Circuit Court of Lee County, Alabama. Defendants are in default of the said order of Honorable Judge Christopher J. Hughes. Therefore Plaintiff "removes" claims from State into Federal Court. Being such is a federal violation of Plaintiff[']s rights. This Court holds jurisdiction.

(*Id*. at 3.) As relief, Plaintiff seeks monetary damages "for mental anguish, emotional stress." (*Id*. at 4.)

## II.  DISCUSSION

### a.  Defendant State of Alabama

First, as to Plaintiff's purported claims against the State of Alabama, the State is entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars suits for damages against a state unless the state waives its Eleventh Amendment immunity or Congress abrogates the immunity. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Id.* at 1525 (citations omitted). Moreover, a state is not a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's purported 42 U.S.C. § 1983 claims against the State are due to be dismissed.

### b.  Defendant District Attorney Jessica Ventiere

Second, as to Plaintiff's purported claims against District Attorney Jessica Ventiere, the Complaint alleges only that "[c]laims were filed [against Plaintiff] in the Circuit Court of Lee County, Alabama," which "violated [Plaintiff's] constitutional rights by Double Jepordy [sic]." (Doc. No. 1 at 3.) As an initial matter, these allegations are far too vague

2

and conclusory to establish a constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (providing that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,'] [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *see also Owens v. Sec'y of Fla. Dep't of Corr.*, 812 F. App'x 861, 870 (11th Cir. 2020) (citing *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("[The Eleventh Circuit] has consistently held that conclusory allegations without specific supporting facts have no probative value.")).

Additionally, the Eleventh Circuit has consistently held that "[p]rosecutors performing 'prosecutorial functions' receive absolute immunity and are therefore not subject to suit under 42 U.S.C § 1983." *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (citing *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999)). "Prosecutorial immunity applies . . . to the prosecutor's actions in initiating a prosecution and presenting the State's case." *Jackson*, 534 F. App'x at 859 (quoting *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)). Importantly, "the determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty, such as presenting perjured testimony in court." *Hart*, 587 F.3d at 1298 (citing *Jones v. Cannon*, 174 F.3d 1271, 1289 (11th Cir. 1999)). Thus, even accepting as true Plaintiff's allegation that Defendant Ventiere improperly filed claims against him, "violat[ing] [his] constitutional rights by Double Jepordy [sic]," Defendant Ventiere is nevertheless absolutely immune from liability. *See, e.g., Ward v. Chafin*, No. 22-12993, 2023 WL 2661527, at *2–4 (11th Cir. Mar. 28, 2023).

Accordingly, Plaintiff's purported 42 U.S.C. § 1983 claims against Defendant Ventiere are also due to be dismissed.

### c. Amendment of Complaint

Because neither of the named defendants are subject to suit under 42 U.S.C § 1983, the undersigned finds that any amendment in this case would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

### III. CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

It is further ORDERED that, on or before **March 8, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of February, 2024.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE